■ FRANK CANGRO, Appellant, v MAYOR OF THE CITY OF NEW YORK et al., Respondents.—Order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered on July 5, 1989, which dismissed petitioner's application pursuant to CPLR article 78 for failure to comply with the applicable Statute of Limitations, is unanimously modified on the law to the extent of reinstating the first cause of action relating to the recalculation of petitioner's test score and change in his position on the revised eligibility list, and otherwise affirmed, without costs or disbursements.

Petitioner, a lieutenant in the New York City Transit Police Department, took and passed Captain Examination No. 5605, consisting of a written section and a two-part oral portion. On or about February 17, 1988, he received notice of having achieved a "final" score of 76.495, placing him 49th on the eligibility list, but, on January 19, 1989, a corrected notice was issued, this one indicating a final revised score of 76.620 and a revised place on the list of 61.5. The instant proceeding pursuant to CPLR article 78 ensued. In that regard, CPLR 217 requires, in pertinent part, that a proceeding against a body or officer be commenced within four months after the determination to be reviewed becomes final and binding. Since this petition was brought on May 12, 1989, respondents urge that the Statute of Limitations had already expired. It is their contention that the time period began to run when the first eligibility list was published in February of 1988 rather than,

as petitioner claims, when the revised list was promulgated in January of 1989.

To the extent that petitioner's claims relate to the format of the examination itself, including the challenge to the oral portion based upon the alleged lack of an objective standard, respondents are correct that he was aggrieved at the time that the original eligibility list was issued and that his position was not altered in any way by the publication of the revised list. However, petitioner's first cause of action primarily disputes the recalculation of the scores and the change in his place on the list apparently resulting from a reappraisal of the points given for seniority credits and departmental awards (as opposed to a reevaluation of the test answers). Thus, insofar as he asserts that he was improperly moved down the eligibility list, he was certainly not aggrieved until the revised list came out in January of 1989 in that, prior thereto, he had no expectation, nor reason to anticipate, that his position would change to his detriment *(see, Matter of Martin v Ronan,* 44 NY2d 374, *rearg denied* 45 NY2d 776). It should be stated that respondents' attempt to distinguish the instant fact pattern from that presented in *Matter of Martin v Ronan (supra)* by stating that the petitioner therein, unlike in the existing matter, had an administrative appeal pending, is simply unpersuasive. When petitioner here received notice in February of 1988 that he was number 49 on the list, he could not conceivably have known that 11 months later he would be moved down to number 61.5 after a computation of seniority credits and departmental awards. Accordingly, the comments of the Court of Appeals in *Matter of Martin v Ronan (supra,* at 380-381), which also involved the establishment of an eligibility list, are instructive with respect to petitioner's situation: "For a determination to be final 'upon the petitioner' it must be clear that the petitioner seeking review has been aggrieved by it *(Matter of O'Neill v Schechter,* 5 NY2d 548). As we said in *Matter of O'Neill (supra,* p 554), and significantly apt here, '[i]t is axiomatic that "Administrative procedure will be reviewed only at the instance of a person allegedly aggrieved thereby" *(Lederman v. Board of Educ.,* 276 App. Div. 527, 531, affd. 301 N. Y. 476, 493). As the court pointed out in *Matter of Abramson v. Commissioner of Educ.* (1 A D 2d 366, 371), petitioners "had no reason to institute a judicial proceeding to challenge [respondents'] decision until they knew that they were aggrieved by it" '. It was not until the final revised eligible list was promulgated * * * that petitioners had a final determination from which to ascertain

the possible consequences, as to them, of the allegedly improper examination".

The final, revised eligibility list was not formulated until January 19, 1989 so the limitation period did not begin to run until that date. Therefore, the proceeding herein is not time barred with respect to the recalculation of petitioner's test score and change in his place on the revised list. Concur— Kupferman, J. P., Sullivan, Carro and Milonas, JJ.